**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARQUIS DIONTE DIXON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-24-2149 |
| MR. WILLIAM BAILEY, *et al.*, | * | |
| Respondents. | * | |

***

**MEMORANDUM OPINION**

Petitioner Marquis Dionte Dixon, a state prisoner, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2022 conviction for manslaughter and related firearm offenses. ECF No. 1. Respondents argue that the Petition should be dismissed as time barred. ECF No. 7. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Court afforded Dixon an opportunity to explain why the Petition should not be dismissed. ECF Nos. 8 & 9. The Court has reviewed the briefing and finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* D. Md. Loc. R. 105.6. For the reasons stated below, the Petition will be dismissed as time barred, and a certificate of appealability shall not issue.

## I. Background

On July 13, 2020, Dixon was indicted in Baltimore City Circuit Court for first degree murder and related charges arising from a shootout in the 800 block of Bethune Road in Baltimore City on February 10, 2020. ECF No. 7-1 at 43. A jury acquitted Dixon of first- and second- degree murder, but convicted him of manslaughter, use of a handgun in the commission of a crime of violence and illegal possession of a regulated firearm. ECF No. 7-1 at 14-15.

Dixon was sentenced on August 10, 2022, to an aggregate 45-year term of confinement, the first ten years to be served without parole. ECF No. 7-7 at 20-21.

Dixon noted a timely direct appeal in which he challenged the sufficiency of the evidence. ECF No. 7-1 at 39-63. The Appellate Court of Maryland affirmed the judgment on April 3, 2023, finding that Dixon's claim was unpreserved. *Id.* at 86-88. The Appellate Court's mandate issued on May 4, 2023. *Id.* at 89. Dixon did not seek any further appellate review. *Id.* at 9, 22 (docket entries showing no further appellate filings after the issuance of the mandate).

Dixon next filed this federal habeas action on July 24, 2024, in which he argues (1) that his conviction for manslaughter was wrongful as not charged in the indictment; (2) the State withheld certain exculpatory ballistics and firearms reports, and denied his request for gunshot residue testing; (3) trial counsel failed to recuse from the case after Dixon filed a grievance against him; and (4) counsel rendered ineffective assistance at trial. ECF No. 1 at 4-5. [2]

The Respondents now argue the Petition must be dismissed as time barred. ECF No. 7. Dixon responds that he attempted to file a "writ of certiorari" with the Maryland Supreme Court on May 10, 2023, but it was returned with a "yellow sticker" affixed to it. ECF No. 1 at 2; ECF No. 9 at 1. He states that he resubmitted the petition on June 15, 2023, and, despite not having that filing returned to him, resent it on August 12, 2023. ECF No. 9 at l. Having not received any response to the June or August mailings, he "assumed [his] petition [was] still being processed." *Id.* He explains that "it is not [his] fault, as the Petitioner, if the Court didn't receive it or received it a later date than required." *Id.* Dixon separately contends that the Court should grant him a hearing to demonstrate his innocence because of discrepant ballistics information and arguments regarding the proximity of his home to the crime scene. *Id.* at 2-3.

[2] While the Petition was pending, Dixon filed a state post-conviction motion on August 5, 2024, pursuant to the Maryland Uniform Postconviction Procedure Act. ECF No. 7-1 at 91-107.

For the following reasons, the federal Petition is time barred and Dixon has given the Court no grounds to excuse the late filed Petition.

## II. Analysis

28 U.S.C. § 2244 provides that a federal habeas petition must be filed within one-year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the time during which a "properly filed" state post-conviction petition remains pending does not count toward the one-year limitation period. 28 U.S.C. § 2244(d)(2).

Dixon's conviction became final on May 19, 2023, 15 days after the Appellate Court of Maryland issued its mandate affirming Dixon's convictions. ECF No. 7 at 89; *see* Md. Rule 8-302(a) (providing a petitioner 15 days after the Appellate court issues its mandate to petition the Supreme Court of Maryland for a writ of certiorari); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (under § 2244(d)(1)(A) a judgment not reviewed in the United States Supreme Court becomes final 'when the time for pursuing direct review in the [Supreme] Court, or in state court, expires").

Thus, absent tolling, Dixon's one-year limitations period expired on May 19, 2024. Accordingly, the federal habeas petition, filed two months later, was untimely, and no subsequent events excuse the late filing.

First, the pendency of his state post-conviction proceedings which Dixon filed August 5, 2024, does not revive the federal limitations period. By August 2024, the one-year limitations had already run. Thus, the state-post conviction is of no moment to the limitations analysis. *See Gray v. Waters*, 26 F. Supp. 2d 771, 772 (D. Md. 1998) (holding the limitations period "does not begin to run anew for a year following denial of state post-conviction remedies"); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (a state court filing after the federal deadline expired does not revive the federal limitations period); *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000) (same).

Second, Dixon gives no other grounds for tolling limitations. Equitable tolling may apply when the petitioner demonstrates he has (1) pursued his rights diligently, and (2) some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 560. U.S. 631, 649 (2010). The diligence prong "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Monominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256-57 (2016). The burden of establishing the grounds for equitable tolling rest with the Petitioner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Dixon has failed to meet his burden. Although he asserts that he had limited access to case materials, that alone does not excuse the late filing. Nor does his representation that he timely pursued a certiorari petition before the Supreme Court of Maryland suffice. By Dixon's own admission, the first attempt had been returned to him, and his second two attempts received no response. ECF No. 1 at 2; ECF No. 9. And yet, Dixon did nothing to confirm whether the Supreme

Court of Maryland received his petition. This does not amount to "diligent pursuit of his claim 'throughout the period he seeks to toll.'" *Sprouse v. VA Director of Prisons*, 2025 WL 510238 * (E.D. Va. Feb. 13, 2025) (citing *Harper v. Ercole*, 648 F.3d 132, 139 (2d Cir. 2011) (quoting *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007)). Thus, he is not entitled to equitable tolling.

Last, Dixon does not make a "credible showing of actual innocence" that "may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Evidence that may meet this demanding standard includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup* v. *Delo*, 513 U.S. 298, 324 (1995). Although Dixon takes issue with certain ballistics evidence, he does not explain how these discrepancies undermine the trial record or, more to the point, demonstrate that he is innocent of the offenses of conviction. Accordingly, the Petition must be dismissed as time barred.

**III. Certificate of Appealability**

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Dixon has not made such a showing. Thus, the Court declines to issue a certificate of appealability. Dixon may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

**IV. Conclusion**

Based on the foregoing, the Petition for Writ of Habeas Corpus filed by Marquis Dionte Dixon (ECF No. 1) is DENIED and a certificate of appealability will not issue. A separate Order follows.

9/22/26
Date

/s/
Paula Xinis
United States District Judge